Burket, J,
The facts set out in the petition, other than the will itself, cannot have' the effect to either enlarge or narrow the provisions of the *457 will, but must be regarded, upon demurrer, as furnishing to the court the surroundings of the testator at the time of the making of the will, and thereby to enable'the court to view the situation, his property, and the objects of his bounty, through his eyes.
On part of plaintiffs in error, it is claimed that by this will Mrs. Johnson, the widow of William C. Johnson, took only a life estate in his property, with full power to use the same for her support as she might see fit, with remainder over of so much thereof as should not be consumed by her, to plaintiffs in error. The defendant in error claims, that by this will, Mrs. Johnson took an absolute estate in fee-simple of all the testator’s property, and that the remaifider over to plaintiffs in error, is a limitation engrafted upon a fee, and therefore void.
If the claim of plaintiffs in error is right, the judgment of the courts below is wrong. But if the defendant in error-is right in his claim, then the demurrer to the petition was properly sustained, and the judgment of the courts below is .right.
After providing for the payment of his debts,' the testator uses this language: “I give and devise unto my beloved wife, Mary Ann A. Johnson, and her assigns, all of the remainder of my property, both real and personal, however the same may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper.” That this part of the will standing-alone, would give to the widow a fee simple, can not be doubted; and if , what follows could be fairly construed as merely superadded words at *458 tempting to impose a limitation upon the fee thus devised, such limitation would, of course, be void, and the fee would remain.
The fact that after using’ words which in themselves would give a fee, full power to bargain, sell, convey, exchange or dispose of the estate as she may think proper is expressly given to her by the testator, at once creates a slight inference that something less than a fee was intended; because a fee of its own force carries with it, and confers upon her the power, without express words from him to that effect, to bargain, sell, exchange, or dispose of the property as she may think proper.
While the express addition of these powers to words giving a fee, would not have the effect in themselves to detroy the fee, yet when these express powers are taken in connection with what follows the part of the will above quoted, the intention of the testator to give to his wife only a life estate in his property becomes clear and manifest. After the quotation above given, the will proceeds as follows: “But, if, at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters and their children,” etc.
The plain intention of the testator as shown by the whole will, is, that the property is given to the widow to be by her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange, or dispose of the same as she may think proper, limited, however, in the exercise of such power, to the purpose for which the property is given to her, that is for her consumption. ■
*459 The devise over to his brothers and sisters and their children, is of itself enough to show that the testator intended that his widow should use and consume the property only during her lifetime, and that he did not intend to empower her to dispose of the fee by gift during her life, nor by will at her death.
This is clearly the intention of the testator, when effect is given to the whole will, and the intention should always govern. Unless the will conflicts with some provision of law, all other rules of construction must yield to the rule that the intention of the testator, as gathered from the whole will, must control.
The ease of Baxter v. Bowyer, 19 Ohio St., 490, is almost exactly like the case at bar. In that case the will gave all the testator ’ s proper ty to his widow, and gave her expressly unlimited power to sell on such terms as she might think best, or use in any manner as she might deem proper, and deeds to purchasers to execute, acknowledge and deliver in fee simple. In a subsequent item of the will, he devised at her death the property then remaining, to the Presbytery of Cincinnati. This court. held, that under that will, the widow took only a life estate, and life support, with power of sale for the benefit of the estate.
The second syllabus in that case is as follows: “Where, by one clause in a will, property is devised or bequeathed, by words prima facie importing an absolute estate, and by a subsequent clause is given in remainder to another person, the first devisee or legatee takes only a life estate, and the limitation over is valid.” This syllabus correctly states the law, and the present case can not be distinguished therefrom, and we *460 regard it as conclusive of the question here involved.
It is, therefore, clear that the widow took only a life estate, with remainder over to the brothers and sisters of the testator and their children, in ease of the decease of any of the brothers or sisters. The case of Posegate v. South, 46 O. S., 391, and the following cases, among many others cited by counsel for plaintiff in error, throw more or less light upon the question here involved. Huston v. Craighead, 23 Ohio St., 198; Pruden v. Pruden, 14 Ohio St., 251; Giles v. Little, 104 U. S., 291; Howe v. Fuller, 19 Ohio, 51; Stableton v. Elliston, 21 Ohio St., 527; Smith v. Bell, 6 Peters, 68; Brant v. Virginia Coal & Iron Co., 93 U. S., 336.
Having construed this will as giving to the widow only an estate for life, it follows that the brothers and sisters of the testator had a vested remainder in so much of the estate as should remain unconsumed by her at her death. The amount of this vested remainder was uncertain so long as the widow continued to live, and the whole of it was liable to be divested in case she should consume the whole of the estate for her support during her lifetime. Jeffers v. Lampson, 10 Ohio St., 101; Linton v. Laycock, 33 Ohio St., 128.
Perry on Trusts, in section 540, says that those in possession of a life estate under a legal title are implied or quasi trustees for the remaindermen.
We regard this rule as applicable here, and that while the widow was given the. legel title with full possession, and power to use, dispose of and consume the estate, for her life support, the duty rested upon her, in *461 the nature of a trust, to have clue regard for the rights of those in remainder, as to the part of the estate not consumed by her for her support. That while she could use and enjoy the estate to its fullest extent for her support, and consume the whole of it if necessary, she could not go beyond what would be regarded as good faith toward the remaindermen. The testator having so amply provided for the support of his wife, evidently contemplated good faith on her part towards his brothers and sisters. He therefore gave her the right to consume, but not to recklessly squander or give away, the estate.
The widow holding this estate under this will, only for life, and as to the uneonsumed part thereof in trust for the remaindermen, such trust would be enforced as against one coming into possession of the estate with knowledge of the trust. Shibla v. Ely, 2 Halstead N. J. Ch., 181.
If the facts stated in the petition are true, and upon demurrer they are regarded as true, the defendant received and holds the property in the petition described, as trustee for plaintiffs in error, and as such trustee he is liable to account to them as prayed for in the petition.
Defendant in error relies upon that clause of the will, in which the widow is empowered to dispose of the property as she may think proper; and he says that she did dispose of it as she thought proper when she gave it to him; and that giving the property to him was consuming it by her. We do not so construe the will. She had but a life estate, with power of disposition for the benefit of herself and the estate, and with a view of fairly preserving so much of the estate as was *462 not necessary for her support, for the use of those who were to succeed her in the remainder.
Again, it is arg’ued, that it, does not olecwly cvppem" by the will, that the testator intended to give the widow an estate less than a fee, and section 5970, of the Revised Statutes,'is cited. The answer to this is, that the intention of the testator is sufficiently clear, to induce us to be clearly of opinion, that the testator did not intend that his widow should bestow all his property upon the defendant, or any one else, and thereby cut out his own brothers and sisters and their children, and that if that had been his intention, he would at least have given his property to his widow absolutely in fee, and said nothing about a remainder over.
The court of common pleas erred in sustaining the demurrer and rendering judgment in favor of the defendant; and the circuit court erred in affirming the judgment of the common pleas. Both judgments are therefore reversed, and cause remanded to the court of common pleas, with instructions to overrule the demurrer, and for further proceedings according to law.

Judgment reversed.